**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert H. WALLACE,**
**Defendant-Appellant.**

No. 84–5204.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 28, 1984.

Decided Nov. 1, 1984.

Certiorari Denied Feb. 19, 1985.
See 105 S.Ct. 1193.

Dale Quillen, Lucinda Smith (argued), Nashville, Tenn., for defendant-appellant.

Joe B. Brown, U.S. Atty., Harold B. McDonough, Jr., John Williams (argued), Asst. U.S. Attys., Nashville, Tenn., for plaintiff-appellee.

Before EDWARDS and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

## PER CURIAM.

This is an appeal from the conviction of appellant Robert H. Wallace who had been indicted by a federal grand jury in the Middle District of Tennessee. Counts 1 and 2 charged Wallace with possessing a revolver and 10 firearms in March, 1983, in violation of 18 U.S.C.App. § 1202(a)(1). Wallace was charged also with being a convicted felon who received six of the firearms referred to above, in violation of 18 U.S.C. § 922(h)(1). A motion to suppress the evidence (the weapons) was made and heard before District Judge John T. Nixon who denied the motion.

At trial, the defendant, having waived a jury trial at the conclusion of the government's proofs, was found guilty by the court. The defendant was sentenced to two years incarceration on count 1 and two years incarceration on count 2 with the sentences to run consecutively. As to counts 3 to 8, the defendant was sentenced to five years on each count with the sentences to run concurrently with each other, and with imposition of the sentences on counts 3 to 8 suspended and the defendant placed on probation. The sentences in counts 3 to 8 were ordered to run consecutively to the sentences in counts 1 and 2.

The record is replete with evidence which would support the convictions. The sole issue in this appeal is whether the search warrant issued for these weapons was fatally flawed so that the District Court should have and this court now must suppress said evidence.

Basically, two claims are made in this appeal pertaining to the defectiveness of the search warrant. Appellant contends that the affidavit recited that Wallace had firearms in his possession on February 23, 1983, but that this did not set forth probable cause to believe the firearms would be located on the premises searched 26 days later. Secondly, appellant contends that the search warrant was invalid because the property to be searched was not "particularly described."

Our review of the record indicates that the affidavit containing Agent Cavanaugh's summary of the testimony of the defendant on March 10, 1983, is to the effect that defendant had numerous weapons in his house on that date. As to the lack of particularity of the description of the premises to be searched, we find no fatal errors. The affidavit for the search warrant in this case is entitled "The premises known as P & W Auto Sales, and the residence of Robert H. Wallace, Lots 610 and 616½ Providence Boulevard, Clarksville, Tennessee." The premises are further described in some detail as located "at the corner of Providence Boulevard and Oak Street ... on a hill with three levels at the rear and two levels at the Providence Boulevard side. An outside stairway leads up to the Wallace apartment from the rear. The premises has a brick front facing Providence Boulevard, and the Oak Street side is painted white ... adjacent to a large building with a sign painted on the side in large letters *Rug Room*."

Our acquaintance with this record and the oral arguments of the parties convinces us that the search warrant was issued on sworn evidence which properly supported it and that the search was within the premises described in the warrant.

Finding no merit to any other issues advanced by appellant, the judgments of conviction are hereby affirmed.